**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankr. No. 22-31870-KLT |
| EllDan Corp., | |
| Debtor. | Chapter 11 |

### MEMORANDUM DECISION AND ORDER

This matter came before the Court on Debtor's Motion for an Order Approving the Rejection of an Executory Contract (the "Motion") [ECF No. 30.] Debtor's contract counterparty, Fantastic Sams Franchise Corporation ("Franchisor"), filed an objection (the "Objection") [ECF No. 45.] The Court held a hearing on January 11, 2023, with appearances as noted on the record.

This is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This memorandum decision is based on all the information available to the Court and constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P. 9014 (c). Debtor moves the Court for an order authorizing rejection of its franchise agreements with Franchisor pursuant to 11 U.S.C. § 365(a) and Fed. R. Bankr. P. 6006(a) and 9014. The Motion and Objection also request additional declaratory and/or injunctive relief. For reasons set forth herein, the Motion is granted in part and denied in part.

### BACKGROUND

Franchisor owns and licenses the "Fantastic Sams" brand of hair products and salons. [ECF No. 46, ¶¶ 11-12.] Debtor owns and operates salons in Minnesota using Franchisor's trade names and service marks. [ECF No. 30, ¶ 7; ECF No. 46, ¶ 26.] They are parties to seven prepetition franchise agreements (collectively, the "Franchise Agreements"); both parties agree the copy

attached as Exhibit A to the Motion is identical in substance to the other Franchise Agreements. [ECF No. 30, ¶10, Ex. A-G; ECF No. 46, ¶¶ 19-20, 27.]

Debtor avers Franchisor did not provide adequate training, pricing guidance, private label products, marketing, or operational support to Debtor, and as a result, Debtor's operations and financial performance suffered. [ECF No. 30, ¶¶ 11-13.] Franchisor denies the allegations and attributes Debtor's problems to inexperience in the haircare industry, staffing problems, and general mismanagement. [ECF No. 46, ¶¶ 28, 32, 44-53.] For the purpose of deciding the Motion, the cause of Debtor's financial condition is not relevant.

Debtor seeks to reject the Franchise Agreements, rebrand its salons and operate in its existing locations after it emerges from bankruptcy. [ECF No. 30, ¶ 19.] Franchisor objects because it believes the following covenants (collectively, the "Non-Compete Provision") [ECF No. 30, Ex. A, §12(d)(9-11)] will restrict the Debtor's future business activities, even if it rejects the Franchise Agreements in this bankruptcy case:

> (9) To refrain, for a period of 2 years from the effective date of expiration or termination of this Agreement, from directly or indirectly participating as an owner, partner, member, director, officer, employee, consultant, lender or agent, or serve in any other capacity in any Haircare Business, within a 5-mile radius of the Salon (including but not limited to the Salon Location);
>
> (10) To refrain from directly or indirectly participating as an owner, partner, member, director, officer, employee, consultant, lender or agent, or serve any other capacity in any Haircase Business, within a 2.5-mile radius of any Fantastic Sams Salon, for a period of 2 years from the actual date of expiration or termination (provided, however, Sections 12.d.9 and 12.d.10 shall not apply to any Haircare Business currently operating under the System as a Fantastic Sams salon);
>
> (11) To not operate, advertise or do business under any name or in any manner that might tend to give the general public the impression that this Agreement is still in force or that FRANCHISEE is connected in any way with FRANCHISE CORP, or has any right to use the System or the Marks.

The parties do not dispute the validity of the Franchise Agreements or the existence of the Non-Compete Provision, but the parties disagree about the legal effect of rejection pursuant to 11 U.S.C. §365(a). [ECF No. 46, ¶¶ 54-55.]

## DISCUSSION

### I. Debtor is authorized to reject the Franchise Agreement under Section 365(a)

Debtor is authorized to reject all of the Franchise Agreements. Section 365(a) of the Bankruptcy Code gives a debtor the option, subject to court approval, to assume or reject any executory contract. Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652, 1658 (2019) (citing N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984)). The test is not an onerous one, rather the court will approve a rejection if it is a "sound business judgment showing benefit to the estate." In re Crystalin, L.L.C., 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003). "Where the trustee's [or debtor in possession's] request is not manifestly unreasonable or made in bad faith, the court should normally grant approval, 'as long as the proposed action appears to enhance the debtor's estate.'" In re Food Barn Stores, Inc., 107 F.3d 558, 567, n. 16 (8th Cir. 1997) (brackets in original omitted) (citation omitted). In this case, Debtor has determined, in its business judgment, that the costs of the royalty fees due to Franchisor outweigh the benefits it receives under the Franchise Agreements. [ECF No. 30, ¶ 19.] There is no evidence in the record that this determination is manifestly unreasonable or made in bad faith. Therefore, to the extent that the Motion seeks Court approval of its decision to reject the Franchise Agreements pursuant to § 365(a), it is granted.

### II. Rejection results in Breach, not Recission of the Franchise Agreements

When a debtor rejects an executory agreement, the contract counterparty may file a proof of claim for its rejection damages. Fed. R. Bankr. P. 3002(c)(4). For the purpose of claim

3

allowance, such claim is deemed to arise one day before the petition date. 11 U.S.C. § 502(g)(1); see also § 365(g)(1). It is incorrect, however, to extrapolate from sections 365(g)(1) and 502(g)(1) that rejection gives Debtor a tool to unilaterally rescind the Franchise Agreements as of the last day before the petition date, or that it renders the Franchise Agreements *void ab initio* or somehow returns the parties to a *status quo ante*.

The Code expressly states that Debtor's rejection of an executory contract "constitutes a breach of such contract." 11 U.S.C. § 365(g). "'Breach' is neither a defined nor a specialized bankruptcy term. It means in the Code what it means in contract law outside bankruptcy." Mission Prod. Holdings, Inc., 139 S.Ct. at 1658 (citing Field v. Mans, 516 U.S. 59, 69 (1995)). Stated differently, rejection does not extinguish the Franchise Agreements, rather it leaves the Franchisor to determine what its rights and remedies would be under applicable non-bankruptcy law if Debtor breached the Franchise Agreements.

### III. Both Parties' Requests for Additional Relief are Procedurally Improper

Each party extensively briefed allegations about their respective counterparty's performance under the Franchise Agreements and requested a combination of declaratory and injunctive relief. Specifically, Debtor and Franchisor seek a declaratory judgment about whether the Non-Compete Provision is enforceable under applicable State law and Franchisor seeks an injunction to enforce the Non-Compete Provision. [ECF No. 30, ¶24; ECF. No. 45, ¶ 73.] But, there are procedural limitations to the guidance the Court can provide to the parties in this context. For example, in a contested matter under Rule 9014, the Court can clarify that rejection under Section 365(a) does not automatically rescind or extinguish the Non-Compete Provision. But the Court cannot opine on the enforceability of the Non-Compete Provision as a matter of applicable non-bankruptcy law, nor can it provide legal or equitable remedies to either party based on the

terms of the Franchise Agreements. To obtain such relief, one of the parties must commence an adversary proceeding in accordance with Fed. R. Bankr. P. 7001(7) and (9). For the avoidance of doubt, the Court takes no position at this time on the merits of either party's entitlement to a declaratory judgment or injunction related to the Franchise Agreements. The Court simply declines to review the parties' requests for additional relief in this context.

THEREFORE, IT IS ORDERED:

1. Debtor is authorized to reject the Franchise Agreements pursuant to 11 U.S.C. § 365(a).

2. The effective date of Debtor's rejection shall be the date of entry of this order.

3. Franchisor may file proof(s) of claim for rejection damages in accordance with Fed. R. Bankr. P. 3002(c)(4) no later than 30 days from the date of entry of this order.

4. Debtor or Franchisor may commence an adversary proceeding in accordance with Fed. R. Bankr. P. 7001 to pursue additional relief with respect to the Franchise Agreements.

5. This Order does not preclude Franchisor from filing a motion pursuant to 11 U.S.C. § 362(d) to seek relief from the automatic stay to pursue its remedies, if any, under applicable non-bankruptcy law.

DATED: *January 11, 2023*

*/e/Kesha L. Tanabe*
_____
Kesha L. Tanabe
United States Bankruptcy Judge